USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/18/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GEORGE LEE, on behalf of himself and all others
similarly situated,

        Plaintiff,

        v.

CANADA GOOSE US, INC.,

        Defendant.

Case No. 20-9809-VM

## STIPULATED [PROPOSED] PROTECTIVE ORDER

The undersigned parties having agreed to the following terms of confidentiality, and the
Court having found that good cause exists for issuance of an appropriately-tailored
confidentiality order governing the pre-trial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Stipulated Protective Order
(the "Order") – including without limitation the parties to this action, their representatives,
agents, experts and consultants, all third parties providing discovery in this action, all persons
that previously provided documents, testimony, or other information that are produced in this
action, and all other interested persons with actual or constructive notice of this Order – shall
adhere to the following terms, upon pain of contempt:

1.      Any person subject to this Order who receives from any other person any
"Discovery Material" (i.e., information of any kind provided in the course of discovery in this
action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose
such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      All Confidential Discovery Material produced or disclosed in connection with this action shall be used solely for the prosecution or the defense of this action (including any appeal therefrom) and for no other purpose.

3.      The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

a.      Previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins), but only if such information could reasonably be expected to cause present, concrete, and material harm if disclosed;

b.      Previously nondisclosed material relating to ownership or control of any non-public company, but only if such information could reasonably be expected to cause present, concrete, and material harm if disclosed;

c.      Previously nondisclosed business plans, product development information, or marketing plans, but only if such information could reasonably be expected to cause present, concrete, and material harm if disclosed;

d.      Any information of a personal or intimate nature regarding any individual;

e.      Any other information of a proprietary or confidential nature within the meaning of Federal Rule of Civil Procedure 26; or

f.      Any other category of information hereinafter given confidential status by the Court.

4.      The protections conferred by this Order cover not only Confidential Discovery Material, but also (1) any information copied or extracted from Confidential Discovery Material;

-2-

(2) all copies, excerpts, summaries, or compilations of Confidential Discovery Material; and (3) any testimony, discussions, or presentations by parties or their counsel that might reveal Confidential Discovery Materials.

5.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts, and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential Information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

6.     If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

7.     No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except, solely for the purposes of this litigation to:

        a.  the parties to this action including officers or employees of the parties who are actually engaged in assisting counsel in the conduct of this litigation;

-3-

b.  counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d.  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e.  any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f.  stenographers or videographers engaged to transcribe or record depositions conducted in this action;

g.  any mediator or arbitrator jointly engaged by the parties to the action;

h.  outside photocopying, graphic production services, litigation or e-discovery support services, or document depositories as necessary for use in connection with this action;

i.  process servers or delivery or messenger services, only insofar as such services are used to serve, deliver, or transmit documents or media containing Confidential Discovery Material;

j.  the Court and its support personnel; and

k.  any other person or entity with respect to whom the producing person may consent in writing.

8.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d) or 7(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and shall, upon reasonable request, produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.     Notwithstanding Paragraph 7, Confidential Discovery Material may be disclosed to insurers, reinsurers, accountants, and auditors of any party or third party to whom a party is legally obligated or to whom it has a pre-existing contractual obligation in the ordinary course of business to disclose Confidential Discovery Material, upon assurances that the Confidential Discovery Material will be maintained as confidential.

10.    All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties must request the Court's permission, in accordance with Rules 2(b) and 14 of the Court's Individual Rules of Practice, to file documents under seal. The parties will use their best efforts to minimize such sealing. Where the Confidential Discovery Material to be filed under seal was designated as Confidential by a person other than the filing party, the filing party may make its filing along with a Motion for a Temporary Seal, requesting that the Court temporarily permit such filing under seal. The Motion for a Temporary Seal shall be served on the person that designated the Discovery Material as Confidential. The designating person shall have 14 days to show cause to this Court, supported by affidavits or other sworn

-5-

statements of persons with personal knowledge, why the material in question should remain Confidential. If the designating person fails to provide such a showing, the Court may deny the Motion for a Temporary Seal and unseal all papers filed along with such motion for which such a showing was not made. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

11. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at a time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. In connection with any such objection or dispute, the person seeking a limit on disclosure bears the burden of proof.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15.     The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

16.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

17.     The parties agree to be bound by the terms of this Order pending entry by the Court, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Order had been entered by the Court.

18.     This Order shall survive the termination of the litigation.  Within 30 days of the final disposition of all associated actions in this litigation, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person or destroyed.  Notwithstanding anything in this Paragraph to the contrary, outside counsel for the parties shall have the right to retain one copy of documents constituting work product, all pleadings, deposition transcripts, hearing or trial transcripts, and deposition or trial exhibits.

19.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**Dated:** January 14, 2022

/s/ _____

Kim E. Richman
Jay Shooster
Richman Law & Policy
1 Bridge Street, Suite 83
Irvington, NY 10533
T: (718) 705-4579
F: (718) 228-8522
krichman@richmanlawpolicy.com
jshooster@richmanlawpolicy.com

*Attorneys for Plaintiff*

/s/ _____

Chong S. Park (admitted *pro hac vice*)
Genieva A. DePass (admitted *pro hac vice*)
Ropes & Gray LLP
chong.park@ropesgray.com
genieva.depass@ropesgray.com
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Tel: 202 508 4631

Alexander B. Simkin
Ropes & Gray LLP
alexander.simkin@ropesgray.com
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: 212 596 9744

*Attorneys for Defendant*

**PURSUANT TO STIPULATION AND FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:    January 18, 2022

_____
Victor Marrero
U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GEORGE LEE, on behalf of himself and all others
similarly situated,

          Plaintiff,

          v.

CANADA GOOSE US, INC.,

          Defendant.

**Case No. 20-9809-VM**

## NON-DISCLOSURE AGREEMENT IN CONNECTION WITH PROTECTIVE ORDER

I, _____, acknowledge that I have read and understand the Protective Order in this litigation governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information (including any copies) to the party or attorney from whom I received it or will destroy such discovery information (including any copies). By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

Signed: _____